UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

MOTORISTS MUTUAL INSURANCE ) 
COMPANY, )
 )       Civil Action No. 09-110-ART
        Plaintiff, )
 )
v. )       **MEMORANDUM OPINION**
 )            **AND ORDER**
THACKER MEMORIAL INC., et al., )
 )
        Defendants. )

                         \*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Gypsie Thacker, Larry Thacker, and Thacker Memorial, Inc. (collectively "the

Thackers") filed a motion to dismiss Plaintiff Motorists Mutual Insurance Company's

("Motorists") claims against them.  R. 4.  Motorists filed a response, R. 10, and the Thackers

replied, R. 14.  Motorists also filed a motion to amend its complaint, R. 9, to which the Thackers

responded, R. 15.[1]

The Thackers ask that the Court decline to exercise its discretion in this declaratory

judgment action and dismiss this case.  The Sixth Circuit has set out five factors to guide the

decision of whether to exercise jurisdiction under the Declaratory Judgment Act.  *Bituminous*

*Cas. Corp. v. J&L Lumber Co., Inc.*, 373 F.3d 807, 813 (6th Cir. 2004) (citation omitted).

Because the majority of these factors weigh in favor of dismissal, the Thackers's motion to

_____

[1] For purposes of the motion to dismiss, the Court will consider the claims as if the motion
to amend had been granted.  The amendment does not affect the Court's decision not to exercise
its jurisdiction.

dismiss is granted.

# I. BACKGROUND

Gypsie Thacker and her husband Larry Thacker own and operate Thacker Memorial, Inc., a funeral home in Pikeville, Kentucky.  R. 5 ¶ 1.  They purchased a policy of automobile insurance from Motorists, which is incorporated and has its principle place of business in Ohio. R. 1 ¶ 2.  They purchased the policy through Mann Sutton and McGee, Ltd. ("MSM"), a Lexington, Kentucky, insurance agency.  R. 5 ¶¶ 2-3.  The policy period was from July 20, 2008, to July 20, 2009.  *Id.* ¶ 2.  MSM is organized and exists under the laws of the Commonwealth of Kentucky.  R. 5, Ex. D at 2.  The named insured on this policy was Thacker Memorial, Inc., and the policy insured 17 business automobiles.[2]  R. 5 ¶¶ 2-3.

On March 16, 2009, Mrs. Thacker was hit by a car while riding a bicycle in Florida.  R. 1 ¶ 8.  At some point after the accident, Mr. and Mrs. Thacker paid an additional premium for endorsements that made them named insureds under the underinsured motorist coverage and the personal injury protection ("PIP") coverage in their Motorists policy described above.  R. 5 ¶ 3. The parties dispute whether these endorsements apply retroactively to the accident.  *See* R. 10 at 14-23; R. 14 at 4-8.

Mrs. Thacker made a claim under the Motorists insurance policy.  R. 1 ¶ 10.  Mr. and Mrs. Thacker believe their policy was effective at the time of the accident.  Further, they wish to

---

[2]The parties may dispute the number of automobiles covered under the policy.  The Thackers state that 17 automobiles were covered under the policy.  R. 5 ¶ 2-3.  Motorists states that 15 automobiles were covered under the policy.  R. 10 at 2-3.  The actual policy appears to list 16 automobiles.  R. 10, Ex. 4.  However, the number of covered automobiles does not affect to outcome of this motion to dismiss.

2

"stack" the payments available under the different insurance items.  R. 5 ¶ 6.  This means Mr. and Mrs. Thacker want Motorists to aggregate the payments available under the coverage items for each of the automobiles and themselves (two individuals).  *Id.*

On July 27 2009, Motorists sent Mrs. Thacker a letter stating that:  (1) Mrs. Thacker was a named insured for PIP benefits at the time of the accident; (2) Mrs. Thacker was not a named insured for underinsured motorists benefits at the time of her accident, but that she "qualifies"for underinsured motorists benefits under the umbrella policy; (3) the policy prohibits stacking both types of coverage; and (4) Motorists would pay Mrs. Thacker $20,000 under the PIP benefits.  *See* R. 5 at 2-3; R. 5, Ex. C.  On August 18, 2009, Mrs. Thacker filed suit against Motorists and MSM in Pike County Circuit Court.  *See* R. 5, Ex. D.  She amended her complaint on August 20, 2009.  *See* R. 5, Ex. E.  Her claims are for breach of contract, breach of the implied covenant of good faith and fair dealing, as well as for violations of the Kentucky Consumer Protection Act, the Kentucky Motor Vehicle Reparations Act, and the Kentucky Unfair Claims Settlement Practices Act.  R. 5, Exs. D, E.  On November 24, 2009, Mrs. Thacker amended her complaint again to add a claim for underinsured motorist benefits under the policy.  R. 14, Ex. 3 at 8-9.

After Mrs. Thacker filed her lawsuit in state court but before Motorists was served with the complaint, Motorists filed this action in federal court on August 21, 2009.  R. 1.  Motorists seeks a declaratory judgment pursuant to the Kentucky Declaratory Judgment Act and the Federal Declaratory Judgment Act.  R. 1 at 1.  Motorists asks for a declaration of rights as to whether: (1) Mrs. Thacker is entitled to PIP coverage under the Motorists policy issued to Thacker Memorial, Inc.; (2) Mrs. Thacker is entitled to stack the PIP coverage items; and (3) Mr. or Mrs.

3

Thacker is entitled to stack the uninsured motorist coverage items.  R. 1 at 3-4.  In its pending motion to amend its complaint, R. 9, Motorists seeks to withdraw its first count of whether Mrs. Thacker is entitled to PIP coverage.  R. 9, Ex. 1 at 1-2.  Motorists also seeks to change its petition for a declaration of rights regarding stacking uninsured motorist coverage to *under*insured motorist coverage, which applies to Mrs. Thacker's accident.  *Id.*

Both the state and federal litigations are currently ongoing.  In the state court, Mrs. Thackers sued Motorists to collect underinsured motorists benefits under the policy.  R. 5, Ex. E.  She brought claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Motorists and MSM.  Also pending are claims under the Kentucky Consumer Protection Act, Kentucky Motor Vehicle Reparations Act, and the Kentucky Unfair Claims Settlement Practices Act that seek to hold Motorists liable for refusing to pay Mrs. Thacker the benefits to which she believes she is entitled.  In this Court (in Motorists complaint as it would be amended) Motorists asks for a declaration as to whether the Thackers can stack either underinsured motorists or PIP coverage items under the policy.  In other words, it asks this Court to determine the issue of how much the Thackers could potentially recover under their policy.

If this Court exercised its jurisdiction to resolve the stacking issues, none of the state court claims would be resolved.  Mrs. Thacker's state claims for underinsured motorists benefits would remain unresolved.  Motorists stated in its July 27, 2009, letter only that Mrs. Thacker "qualifies" for underinsured motorists coverage.  R. 5, Ex. C.  This was part of a statement of coverage potentially available under the Thacker Memorial Insurance policy.  *Id.*  Motorists agreed to pay

4

$20,000 of PIP coverage, but did not address whether it would pay any underinsured motorists benefits based on Mrs. Thacker's accident. This Court's resolution of the stacking issue would not resolve the issues of liability and damages that would determine whether Mrs. Thacker is entitled to underinsured motorists coverage at all. Additionally, the state claims for breach and violations of Kentucky statutes would remain unresolved. If this Court decided that Mrs. Thacker could not stack the coverage items, it would not reach the issue of whether MSM or Motorists, if either, is responsible for the representations that she *could* stack the coverage, and therefore breached any duties to Mrs. Thacker or violated the Kentucky statutes.

On October 5, 2009, the Thackers filed a motion to dismiss this declaratory judgment action. R. 4. They argue that this Court should not exercise its jurisdiction under the Declaratory Judgment Act.

## II. DISCUSSION

The Court has discretion on whether to exercise jurisdiction over this action brought pursuant to the Declaratory Judgment Act because a simultaneous state court action is pending. *See* 28 U.S.C. § 2201(a); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942). When deciding whether to exercise jurisdiction, the Court must consider whether: (1) the judgment would settle the controversy; (2) the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) the use of a declaratory action would increase the friction between federal and state courts and improperly encroach on state jurisdiction; and

5

(5) there is an alternative remedy that is better or more effective. *Bituminous*, 373 F.3d at 813 (citation omitted). The majority of the factors weigh against exercising jurisdiction in this declaratory judgment action, and thus, the motion to dismiss is granted.

One overarching issue weighs strongly against the exercise of jurisdiction and also arises under many of these five factors. MSM, the agency that sold the insurance policy at issue to the Thackers, is not a party to this action, though it is an integral part of the conflict and its interests are inextricably intertwined with the issues before the court. Resolving any portion of this conflict without MSM as a party to the action would be unfair and inefficient, cutting against the exercise of jurisdiction. The federal action only addresses the issues of stacking the PIP and underinsured motorists benefits. To decide the stacking issues this Court must determine questions of fact about MSM's representations to the Thackers. The state action, however, would ultimately decide the issue of whether Motorists or MSM is liable to Mrs. Thacker. Thus, any decision made here will directly impact whether Mrs. Thacker succeeds against MSM in state court. For this reason and the others explained below, the Court will dismiss this action.

## A. The First Two Factors: Settling the Controversy and Clarifying the Legal Relations at Issue

The first two factors in the analysis are closely related, and thus, courts often consider them together. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008). The federal declaratory judgment action would not settle the ultimate controversy (factor one) because of Mrs. Thacker's state law claim for underinsured motorists benefits. R. 14, Ex. 3 at 8-9. A ruling on Motorists's declaratory judgment action would only resolve the stacking issues. The Pike Circuit

6

Court would still have to resolve whether Mrs. Thacker recovers underinsured motorists benefits at all.  It would have to examine the liability, causation, and damages issues arising from the car accident in order to determine whether the underinsured motorist provisions apply.  For example, if this Court were to find that Mrs. Thacker cannot stack the coverage items under the Motorists policy, the state court would still need to determine whether the underinsured motorists provisions even apply at all to Mrs. Thacker's claim.  It would also have to decide whether MSM is responsible for a misrepresentation of the policy to the Thackers, since MSM is not a party to the federal action.  No claims involving MSM are before this Court, so no order of this Court would be binding on MSM.  The same would be true if this Court found that Mrs. Thacker could stack the coverage items; the state court would still have to decide if the extent of Mrs. Thacker's damages from the accident and whether the underinsured motorist coverage applies at all.  Thus, the first factor weighs against exercising jurisdiction because the Court's decision would not settle whether Mrs. Thacker recovers any benefits from Motorists.

At most, the federal action would clarify some of the legal relations (factor two):  whether Mrs. Thacker is entitled to stack the underinsured and PIP motorists benefits for her, Mr. Thacker, and Thacker Memorial under the policy.  It would not resolve the final question of how much Mrs. Thacker can recover from Motorists.  Issues beyond the scope of the insurance policy must be examined to answer that question.  Motorists's complaint does not ask for any declarations regarding liability.  The federal action would not decide any issues regarding MSM, because MSM is not a party and because no liability issues are before this Court.  The legal relations between Mrs. Thacker, Motorists, and MSM would remain unresolved.

7

Motorists attempts to distinguish this case from *Grange Mutual Cas. Co. v. Safeco Ins. Co. of America*, upon which the Thackers rely.  565 F. Supp. 2d 779 (E.D. Ky. 2008) (declining to exercise jurisdiction in a declaratory judgment action); R. 10 at 13.  In *Grange*, the underlying tort claim from a car accident was before the state court, while the declaratory judgment action for indemnity grew out of that tort claim.  R. 10 at 13.  Motorists argues that since there is no indemnity claim in this case, the Court can exercise jurisdiction without interfering with the state action.  However, this distinction actually works against Motorists.  Even less would be resolved by a declaratory judgment here than in *Grange*.  In *Grange* the federal action would have determined all of the legal issues between the insurance company and the insured, but the Court still did not exercise jurisdiction.  565 F. Supp. 2d at 788.  Here the federal action does not even get that far.  It would not resolve Motorists's liability to Mrs. Thacker.  Thus, the second factor does not weigh in favor of exercising jurisdiction.

## B.  Factor Three:  A Race for Res Judicata

The third factor is intended to prevent parties from improperly using federal jurisdiction merely to gain a favorable forum, though courts have been "reluctant to impute an improper motive . . . . where there is no evidence of such in the record."  *Scottsdale*, 513 F.3d at 558 (citations omitted).  The Thackers do not allege that Motorists is engaging in "procedural fencing" or a "race for res judicata" by filing its declaratory judgment action in federal court.  R. 5 at 7.  The federal declaratory judgment action was filed on August 21, 2009, before Motorists was served with the state complaint.  R. 10 at 25.  Since Motorists filed in federal court prior to its knowledge of the state court action, procedural fencing at the outset seems unlikely.  Thus, the

8

third factor does not favor one party over another.

**C.  Factor Four:  Friction Between State and Federal Courts**

"[A] district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed" when a suit involves the same parties and deals with the same state law issues as an existing state court action.  *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495).  Thus, a district court must also consider three additional sub-factors to determine whether its exercise of jurisdiction would increase friction with state courts:  (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.  *Scottsdale*, 513 F.3d at 560 (citations omitted).

Under the first sub-factor, factual issues are important to an informed resolution of the case.  Motorists asks for a declaration of whether Mr. and Mrs. Thacker can stack their coverage policies.  R. 9, Ex. 1 at 2-3.  To answer this question, the Court must determine if Mr. and Mrs. Thacker were named insureds on the Motorists policy at the time of Mrs. Thacker's accident. Stated another way, the Court would have to decide whether the amendments to the coverage after the accident apply retroactively.  Motorists argues that this is primarily a legal and not a factual question.  R. 10 at 15-24.  But, as the Thackers point out, the representations MSM and Motorists made to Mrs. Thacker will ultimately determine the "reasonable expectations" of the parties, an important factor in the stacking analysis under Kentucky insurance law.  R. 14 at 10-

9

11; *see Simon v. Cont'l Ins. Co.*, 724 S.W.2d 210, 212 (Ky. 1986). Resolving the issue of reasonable expectations will require findings of fact.

The second sub-factor focuses on which court could better resolve the factual issues in the declaratory judgment action. State courts are normally in a better position to resolve insurance issues because insurance companies are regulated by the states for the benefit of their citizens. *Scottsdale*, 513 F.3d at 561. The parties dispute whether this conflict presents a novel issue of state law; if it does, the Pike Circuit Court is better positioned to decide the issue. *Id.* at 560. Finally, the stacking issues ultimately amount to a dispute between an MSM agent and the Thackers over how MSM represented the policy. Pike Circuit Court can better address these issues because MSM is a party in the state action. Though the federal court could still resolve the factual issues without MSM as a party, doing so makes the federal court an inferior forum.

The third sub-factor focuses on whether the factual and legal issues implicates important state policies. Again, the Sixth Circuit has recognized in several cases that state courts are in a better position to resolve insurance disputes because they are more familiar with state law; states regulate insurance companies and are best situated to identify and enforce the policies underlying those regulations. *Id.* at 561 (citing *Bituminous*, 373 F.3d at 815). Indeed, as both parties admit, Kentucky courts have addressed the benefits stacking issues in many cases. *See State Farm Mut. Auto. Ins. Co. v. Mattox*, 862 S.W.2d 325 (Ky. 1993); *Allstate Ins. Co. v. Dicke*, 862 S.W. 2d 327 (Ky. 1993); *Ohio Cas. Ins. Co. v. Stanfield*, 581 S.W.2d 555 (Ky. 1979). While federal courts are not unfit to consider insurance questions, *Scottsdale*, 513 F.3d at 561, the presence of this important state issue causes this sub-factor to counsel against exercising jurisdiction.

10

Ultimately, therefore, the federal declaratory judgment action would cause friction between the federal and state courts. The state court's resolution of factual issues is necessary, and the factual and legal issues implicate state insurance policies. This weighs against exercising jurisdiction.

## D.  Factor Five:  Availability of an Alternative Remedy

Kentucky law provides an alternative remedy to declaratory judgment in federal court. Indeed, Motorists includes a petition under the Kentucky Declaratory Judgment Act in its complaint.  *See* R. 1 at 1 (citing Ky. Rev. Stat. § 418.040).  Motorists argues that a state declaratory judgment action would not be a better alternative remedy.  R. 10 at 25-26; *see Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (applying the fifth factor as an inquiry into whether the alternative remedy is "better or more effective").  It is unclear whether the state court remedy must be "better or more effective", or simply must be an available alternative.  *See Scottsdale*, 513 F.3d at 562.  In this case however, the state court remedy is better and more effective for reasons of efficiency and completeness.

The state forum is more effective because in order to resolve the state action, the Pike Circuit Court must address all the issues raised in the federal action.  The reverse is not true. When the actions are filed in two separate courts, "confusing problems of scheduling, orderly presentation of fact issues and res judicata are created."  *Bituminous*, 373 F.3d at 812 (citations omitted).  The parties could save resources by combining discovery in state court on both the stacking issues and the liability and contract issues.  Currently, Mr. Thacker and Thacker Funeral Home are parties to the federal action but not the state action.  But Motorists could easily include

11

them as defendants to a new state court declaratory judgment claim.

Additionally, the Pike Circuit Court can better resolve this conflict because MSM is a party to the state action. Thus, the Pike Circuit Court can resolve all of the issues while protecting the rights of all parties. Any decision made in the federal action would affect MSM's rights and liabilities in state court. Mrs. Thacker seeks to hold either Motorists or MSM responsible for her injuries; MSM's liability depends on the outcome of the stacking issues. R. 14 at 8 ("either the agent for the Thackers failed to place the coverage as requested, and [ ] Motorists was trying to correct the error for its agent, or [ ] both Motorists and the agency [ ] failed to properly place the coverage."). For example, were this Court to decide that Mrs. Thacker is *not* entitled to stack benefits, Mrs. Thacker would pursue her claims against MSM for causing her to believe that she was allowed to stack the benefits.

The state court's ability to decide all the issues also provides a more complete remedy than the federal court's limited ability to decide only the stacking issues under the policy. Thus, this factor weighs against exercising jurisdiction.

**E.  Balancing**

In deciding how to balance these factors, district courts must rely on the "unique and substantial" discretion granted to them by the Declaratory Judgment Act. *Scottsdale*, 513 F.3d at 563 (quoting *Wilson*, 515 U.S. at 286). In this action, the Court gives substantial weight to the first factor because allowing all the parties to resolve all the issues in one court promotes efficiency, builds trust in the legal system, and allows parties to preserve resources. *See, e.g., Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th

Cir. 1986).  Though some of the legal relations between Motorists and Mrs. Thacker would be decided by this case, most would remain unresolved.  Thus, the second factor weighs against exercising jurisdiction as well.  The third factor does not favor one party more than another, and the fourth and fifth factors weigh against exercising jurisdiction.

Exercising jurisdiction here would require the Thackers and Motorists to litigate in two forums.  This weighs in favor of granting the motion to dismiss.  Even at this early stage in both actions, the parties are expending extra resources to litigate in both forums.  The Thackers's motion to dismiss, R. 4, clarified some of Mrs. Thacker's legal claims in the Pike Circuit Court case, and Motorists then filed a motion to amend its federal complaint, R. 9, to incorporate them.  Mrs. Thacker amended her Pike Circuit Court complaint on November 24, 2009, to add an additional claim, *see* R. 14, Ex. 3.  That same day, the Thackers filed a reply, R. 14, in the motion to dismiss in this case, including those arguments.  This shows that the parties currently must double their efforts to ensure that all arguments are addressed on all fronts.  Thus, the Court's decision not to exercise jurisdiction also helps to preserve resources of the parties and promote judicial efficiency.

The Sixth Circuit cautioned district courts not to exercise jurisdiction over a declaratory judgment action "unless it serves a useful, practical purpose."  *Panhandle E. Pipe Line Co. v. Mich. Consol. Gas Co.*, 177 F.2d 942, 944 (6th Cir. 1949) (citations omitted).  If this Court exercised its jurisdiction, Mrs. Thacker would be forced to litigate in two forums to receive a complete resolution of this conflict.  This Court could not resolve all the issues because MSM is not a party here.  The Pike Circuit Court, on the other hand, can decide all of the issues among

13

all the parties in this matter, allowing the parties to fight this battle on a single front.  All of the

issues in the federal action are already present before the Pike Circuit Court.  If Motorists believes

Mr. Thacker and Thacker Memorial, Inc. are essential parties to the litigation, it can file a state

declaratory judgment against them as well.  By refusing to exercise its jurisdiction the Court does

not rob Motorists of its only remedy.  Motorists has an adequate, if not superior, remedy in a

Kentucky state declaratory judgment action because the Pike Circuit Court must resolve the

stacking issues to decide the state court questions of liability and breach of contract.  For these

reasons, the Court declines to exercise jurisdiction over this matter.


### III. CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)    Defendants' motion to dismiss, R. 4, is **GRANTED**.

(2)    Plaintiffs' motion to amend, R. 9, is **DENIED** as **MOOT**.

(3)    The Court declines to exercises its discretion under the Federal Declaratory

        Judgment Act, 28 U.S.C. § 2201, and this matter is **DISMISSED WITHOUT**

        **PREJUDICE**.

This the 7th day of January, 2010.



**Signed By:**

**_Amul R. Thacker_**

**United States District Judge**